# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYAN ALDAIR MAGANA CARRANZA,<br><br>         Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>         Respondents. | Case No. 1:26-cv-01195-JLT-SKO (HC)<br><br>ORDER GRANTING THE PETITION FOR HABEAS CORPUS; ORDERING PETITIONER'S IMMEDIATE RELEASE[1]<br><br>(Docs. 1, 2.) |

## I.    INTRODUCTION

Before the Court for decision is Brayan Aldair Magana Carranza's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed their response to the TRO and the underlying petition asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 8.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 8 at 2.) Because the Court orders the immediate release of the petition and grants the underlying petition, the motion for temporary restraining order (Doc. 2) is **MOOT**.

(citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a 19-year-old from Mexico who entered the United States on August 6, 2023, as an unaccompanied minor. (Doc. 1 at 3.) Once in the custody of U.S. Border Patrol, he was transferred to U.S. Department of Health & Human Services, Office of Refugee Resettlement as he was designated an Unaccompanied Child. (*Id*.) On August 24, 2023, Petitioner was released from Federal Custody by ORR pursuant to section 462 of the Homeland Security Act of 2002 and section 235 of the William Wilberforce Trafficking Victims Protection Reauthorization Act ("TVPRA") of 2008. (*Id*.)[2]  From the time he entered the United States, Petitioner claims to have complied with all ICE reporting requirements, including weekly photo check-ins, in-person appointments, and home visits. (*Id*.) Petitioner is currently a student at Lincoln High School in Lincoln, CA aspiring to graduate in Spring 2026. (*Id*.)

On October 31, 2025, the Superior Court of California, County of Placer appointed Geovana Equihua Magana as the legal guardian of Respondent. (*Id*.) On October 31, 2025, the Superior Court of California, County of Placer issued an order of Special Immigrant Juvenile Findings, finding Petitioner suffered neglect and abandonment by both of his parents and that it is not in his best interest to be returned to Mexico. (*Id*. at 4.)

---

[2] The TVPRA provides that, in making custody determinations, HHS should consider "danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(A). In releasing Petitioner on August 24, 2023, HHS must have determined that he was neither a flight risk nor a danger to the community. *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176, 1178 (N.D. Cal. 2017) ("[Immigration officials] may release the minor to a 'sponsor' . . . so long as the minor is not dangerous . . . Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."), *aff'd* 905 F.3d 1137 (9th Cir. 2018). The TVPRA statutes further contemplate using the "least restrictive setting" regarding placement for minors in HHS custody and placement for minors in DHS custody after turning 18 years old. *See* 8 U.S.C. § 1232(c)(2)(A)–(B). Although neither Petitioner nor Respondents cite the TVPRA as an avenue of relief, the Court adopts is reasoning in *Cornejo v. Andrews*, No. 1:25-CV-02062 JLT HBK, 2026 WL 237748, at *8-9 (E.D. Cal. Jan. 29, 2026) and finds that Petitioner has a protected liberty interest requiring a pre-deprivation hearing prior to his detention on December 29, 2025. Respondents' failure to provide such hearing constitutes a due process violation.

On December 29, 2025, Petitioner was arrested when he reported to a regular ICE check-in. (*Id.*)  He is currently being detained at the California City Detention Facility in California City, California. (*Id.*)

The government opposes the petition and issuance of preliminary injunctive relief and maintains that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally* Doc. 8.) In taking this position, they cite two non-binding opinions but make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *Id.*; *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025) See e.g., *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Thus, for the reasons set forth, the Court **ORDERS:**

1.      The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the orders cited above;

2.      Respondents are **ORDERED** to release the petitioner **IMMEDIATELY**;

3.      Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[3];

///

---

[3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.

4.       The Clerk of Court is directed to close this case and enter judgment for Petitioner

IT IS SO ORDERED.

Dated:   **February 25, 2026**

UNITED STATES DISTRICT JUDGE